UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| DASHANTE SCOTT JONES,<br>    *Plaintiff*,<br><br>v.<br><br>HAKINS, *et al.*,<br>    *Defendants*. | No. 3:19-cv-221 (VAB) |
|---|---|

**INITIAL REVIEW ORDER AND RULING ON PENDING MOTIONS**

Dashante Scott Jones ("Plaintiff"), currently incarcerated at the New Haven Correctional Center, in New Haven, Connecticut, filed a Complaint *pro se* while incarcerated at Garner Correctional Institution in Newtown, Connecticut, against Freedom of Information ("FOI") Liaison Hakins, Warden Corcella, District Administrator Edward Maldonado, and Counselor Supervisor Calderon under 42 U.S.C. § 1983. Mr. Jones alleges that, although he submitted a FOI request while indigent, Ms. Hakins waited until he had money in his inmate account before providing the documents and unlawfully attempted to charge him for the copies. Mr. Jones's Complaint may liberally be construed to assert claims for denial of due process, equal protection of the laws, and access to the courts, as well as claims for conspiracy and violation of FOI statutes.

Mr. Jones also seeks an order requesting a federal investigation for Defendants' alleged violation of the Court's protective order, a subpoena for video evidence, and judgment against Defendants for violating the protective order.

For the reasons explained below, the Court **DISMISSES** all claims under 28 U.S.C. § 1915A(b), and **DENIES as moot** the pending motions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 16, 2018, while allegedly indigent, Mr. Jones allegedly submitted to Ms. Hakins a FOI request seeking copies of incident reports he needed for current and future litigation. Compl., ECF No. 1 at 5-6 (Feb. 14, 2019).

On April 18, 2018, Ms. Hakins allegedly received Mr. Jones's FOI request. *Id.* at 5.

On July 24, 2018, Mr. Jones allegedly deposited $6.75 in his inmate account. *Id.* at 6.

On August 2, 2018, Ms. Hakins allegedly called Mr. Jones to her office to retrieve the copies. *Id.* She allegedly told Mr. Jones that he had to pay for the copies because he was no longer indigent. *Id.* The total cost of the requested copies was allegedly more than $6.75. *Id.*

According to Mr. Jones, Ms. Hakins told him the delay in fulfilling his FOI request was because the documents had to be obtained from another correctional facility. *Id.* Ms. Hakins also allegedly tried to delay various civil actions against the Department of Correction. *Id.* Mr. Jones allegedly needed the money in his inmate account to purchase hygiene items, because under Administrative Directive 6.10, he could not obtain them for free unless he had less than $5.00 in his inmate account for ninety days. *Id.* When Ms. Hakins allegedly asked Mr. Jones to leave her office, he threatened to sue her. *Id.* In a letter to Mr. Jones, dated that same day, Ms. Hakins wrote that the documents would be retained until he met the requirements for indigency or was wiling to pay for them. *Id.* at 13.

Warden Corcella and District Administrator Maldonado allegedly improperly denied his grievance and grievance appeal. *Id.* at 6. Mr. Jones allegedly submitted a request to Defendant Calderon but allegedly received no response. *Id.*

On February 14, 2019, Mr. Jones filed this lawsuit and moved for leave to proceed *in forma pauperis*. Docket Entries, ECF Nos. 1-2 (Feb. 14, 2019).

On February 22, 2019, his motion to proceed *in forma pauperis* was granted. Order, ECF No. 6 (Feb. 22, 2019).

On March 11, 2019, Mr. Jones filed three motions for: (1) an order requesting a federal investigation for Defendants' alleged violation of the Court's protective order; (2) a subpoena for video evidence; and (3) judgment against Defendants for violating the protective order. Mots., ECF Nos. 7-9 (Mar. 11, 2019).

**II.     STANDARD OF REVIEW**

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'") (quoting 28 U.S.C. § 1915A).

The Federal Rules of Civil Procedure require that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

### III. DISCUSSION

#### A. Freedom of Information Claims

The Freedom of Information Act ("FOIA") requires each "agency . . . make available to the public" certain information. 5 U.S.C. § 552.

Mr. Jones argues that Ms. Hakins failed to respond to his request for copies in a proper and timely manner. But FOIA applies only to the federal government; it does not apply to state governments or their employees. *See Lau v. Sullivan Cty. D.A.*, *et al.*, No. 99-7341, 1999 WL

4

1069966, at *1 (2d Cir. 1999) (unpublished disposition) (affirming dismissal of complaint under 5 U.S.C. § 552 because "the statute applies only to an 'agency,' which term is defined as an 'authority of the Government of the United States'"). Mr. Jones thus had to submit his request under Connecticut law. Violations of state law, however, are not cognizable under Section 1983. *See Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("Clearly, a violation of state law is not cognizable under § 1983."); *see also Crowder v. Farinella*, No. 3:17-CV-1135 (VAB), 2017 WL 3392546, at *6 (D. Conn. Aug. 7, 2017) ("Violations of state law are not cognizable under Section 1983.").

Accordingly, Mr. Jones's claim asserting a FOIA violation must be dismissed.

**B.     Due Process Claims**

The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the . . . Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).

A court "proceeds in two steps" when analyzing alleged due process violations. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam). First, the court asks "whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." *Id.* (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). When a liberty interest is created by a state, as opposed to the due process clause itself, the due process clause "requires fair procedures for its vindication." *Id.* at 220.

Mr. Jones argues that Ms. Hakins's actions violated his due process rights; however,

there is no protected liberty interest in receipt of documents to be used in civil litigation under Connecticut's equivalent to FOIA. *See* Conn. Gen. Stat. § 1-212 (listing what is included for the "fee for any copy in accordance with the Freedom of Information Act"). Thus, any due process claim based on a liberty interest fails.

To the extent that Mr. Jones claims a protected property interest in the documents, that claim also fails. A procedural due process claim exists when a state employee deprives an individual of property "only if the state fails to provide the litigant with a meaningful post-deprivation remedy." *Lawrence v. Antonucci*, 144 F. App'x 193, 193 (2d Cir. 2005) (affirming dismissal of due process claim based on denial of documents under New York's Freedom of Information Law, its equivalent to FOIA, because state provided adequate remedy) (citing *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996)). Connecticut's FOIA-equivalent establishes the fees for copies of documents. Conn. Gen. Stat. § 1-212. Although the statute also provides that the fees must be waived when the person seeking the documents is indigent, Conn. Gen. Stat. § 1-212(d)(1), it does not specify when that determination is made. The statute, however, does provide for an appeal of any adverse decision. Conn. Gen. Stat. § 1-206.

Mr. Jones had the ability to appeal the alleged denial of documents of payments, and in fact filed a grievance with Warden Corcella and District Administrator Maldonado. *See* Compl. at 6 (alleging they improperly denied his grievance and grievance appeal); *see id.* at 15 (Inmate Grievance Appeal Form indicating that Mr. Jones "exhausted the Department's Administrative Remedies").

Accordingly, his due process claim based on a protected property interest fails as well, and must be dismissed.

### C. Equal Protection Claims

Because Mr. Jones alleges generally that other indigent inmates received free copies, the Court considers this as a claim for denial of equal protection of the laws.

The Equal Protection Clause of the Fourteenth Amendment "commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439-40 (1985) (internal quotations and citations omitted). When a plaintiff challenges selective enforcement of the law, he must prove (1) "compared with others similarly treated, [he] was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (citations omitted).

Mr. Jones has not identified any similarly situated inmates, who in this case would be inmates who were indigent when they submitted their F.O.I. requests, had over $5.00 in their inmate accounts when the request was processed, but were provided the copies free of charge. He thus fails to state a cognizable equal protection claim.

Accordingly, to the extent that claim is alleged, it is dismissed. Mr. Jones may file an amended complaint to assert an equal protection process claim, if he can allege facts identifying similarly situated inmates who were treated differently.

### D. Denial of Access to the Courts

Mr. Jones argues that Ms. Hakins waited to fulfill his request for documents because she wanted to delay his ability to file lawsuits against the Department of Correction. The Court considers this statement to assert a claim of denial of access to the courts.

It is well settled that inmates have "a fundamental constitutional right of access to the courts." *See Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Prison officials "cannot unreasonably obstruct" a prisoner's right of access to the courts for the purpose of presenting his claims, and "states have affirmative obligations to assure" this constitutional right. *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986); *see also City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 397 (2d Cir. 2008) ("constitutional right of access to the courts is violated where government officials obstruct legitimate efforts to seek judicial redress"). This right "is ancillary to [the existence of an] underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Brown v. Choinski*, No. 3:09-cv-1631 (MRK), 2011 WL 1106232, at *4 (D. Conn. Mar. 23, 2011) (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

To state a claim for denial of access to the courts, the inmate "must show actual injury" as a result of defendants' conduct. *Lewis*, 518 U.S. at 349; *see also id.* at 351-55 (describing the actual injury requirement). To establish an actual injury, the plaintiff must allege facts showing that "the defendant's conduct deprived him or her of an opportunity to press a 'nonfrivolous' and 'arguable' legal claim in court." *Brown*, 2011 WL 1106232, at *4 (quoting *Christopher*, 536 U.S. at 416)); *see also Lewis*, 518 U.S. at 355 ("*Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines").

Mr. Jones has alleged no facts suggesting an actual injury he suffered, nor has he alleged that he was unable to file a new action or pursue any of his existing legal claims as a result of Ms. Hakins's alleged actions.

Accordingly, he fails to state a cognizable claim for denial of access to the courts.

### E. Conspiracy Claim

Mr. Jones argues that the other Defendants conspired with Ms. Hakins to deny him his rights. But, "[a] claim of conspiracy cannot stand alone and must be dismissed if the underlying independent tort has not been adequately pleaded." *Filler v. Hanvit Bank*, 156 Fed. App'x 413, 418 (2d Cir. 2005) (internal citations and quotation marks omitted). Mr. Jones's conspiracy claim was based on Ms. Hakins's alleged deprivations of his federal rights. Compl. at 3-6.

Accordingly, because the Court has dismissed all of the federal claims against Ms. Hakins, the conspiracy claim must be dismissed as well. *See, e.g.*, *Dalessio v. City of Bristol*, No. 3:17-cv-1401(SRU), 2018 WL 745955, at *3 (D. Conn. Feb. 7, 2018) (dismissing conspiracy claim where underlying tort claim dismissed).

## IV. CONCLUSION

For the reasons explained above, all claims are **DISMISSED** under 28 U.S.C. § 1915A(b)(1), and the pending motions are **DENIED as moot**.

The Clerk of Court is directed to close the case.

Mr. Jones may move to reopen along with an amended complaint regarding only his claim for denial of equal protection of the laws, provided he can sufficiently allege facts identifying similarly situated indigent inmates who were treated differently.

Any motion to reopen and proposed amended complaint shall be filed by **February 21, 2020**. If Mr. Jones does not comply with this order, the dismissal of this case is with prejudice.

**SO ORDERED** at Bridgeport, Connecticut, this 31st day of January, 2020.

/s/ Victor A. Bolden

VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE